IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIIV HEALTHCARE COMPANY and VERTEX PHARMACEUTICALS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN INC. and MYLAN PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No. _____ |

## COMPLAINT

Plaintiffs ViiV Healthcare Company ("ViiV"), and Vertex Pharmaceuticals, Inc. ("Vertex") (collectively, "Plaintiffs"), for their Complaint against Defendants Mylan Inc. and Mylan Pharmaceuticals, Inc. (collectively, "Mylan"), hereby allege as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement of U.S. Patent No. 6,436,989 ("the '989 patent") arising under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. §§ 271 and 281. This action relates to Abbreviated New Drug Application ("ANDA") No. 204060 filed by Mylan with the U.S. Food and Drug Administration ("FDA") for approval to market 700 mg fosamprenavir calcium tablets, which is a generic version of the 700 mg form of ViiV's LEXIVA® drug product.

### PARTIES

2. ViiV is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at Five Moore Drive, Research Triangle Park, North Carolina 27709-3398.

3. Vertex is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 130 Waverly Street, Cambridge, Massachusetts 02139.

4. Upon information and belief, Mylan Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1500 Corporate Drive, Canonsburg, Pennsylvania 15317. Upon information and belief, Mylan Inc. is in the business of, among other things, developing, manufacturing, and selling generic copies of branded pharmaceutical products for the U.S. market through various directly or indirectly owned operating subsidiaries, including Mylan Pharmaceuticals, Inc. ("Mylan Pharmaceuticals").

5. Upon information and belief, Mylan Pharmaceuticals is a corporation organized and existing under the laws of the State of West Virginia, with its headquarters at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505. Upon information and belief, Mylan Pharmaceuticals is a wholly-owned subsidiary of Mylan Inc. Upon information and belief, Mylan Pharmaceuticals is in the business of, among other things, developing and manufacturing generic copies of branded pharmaceutical products for the U.S. market.

6. Upon information and belief, Mylan Inc. and Mylan Pharmaceuticals work in concert with one another, and with other Mylan subsidiaries, to develop, manufacture, and market pharmaceutical products throughout the United States, including in this judicial district.

7. Upon information and belief, following any FDA approval of ANDA No. 204060, Mylan Inc. and Mylan Pharmaceuticals will work in concert with one another, and with other Mylan subsidiaries, to make, use, offer to sell, and/or sell the generic products that are the

subject of ANDA No. 204060 throughout the United States, including this judicial district, and/or import such generic products into the United States, including this judicial district.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

9. This Court has personal jurisdiction over Mylan Inc. and Mylan Pharmaceuticals because, *inter alia*, they have each committed, or aided, abetted, actively induced, contributed to, or participated in the commission of, a tortious act of patent infringement in filing ANDA No. 204060 that has led to foreseeable harm and injury to ViiV, a Delaware corporation, and Vertex, a corporation actively engaged in business in Delaware.

10. This Court also has personal jurisdiction over Mylan Inc. and Mylan Pharmaceuticals because, *inter alia*, they have purposely availed themselves of the benefits and protections of Delaware's laws such that they should reasonably anticipate being haled into court here. Upon information and belief, Mylan Inc. and Mylan Pharmaceuticals have had persistent, systematic and continuous contacts with Delaware, Del. Code. Ann. tit. 10, § 3104(c)(4), as set forth below, and for other reasons that will be presented to the Court if jurisdiction is challenged.

11. Upon information and belief, Mylan Pharmaceuticals is registered to conduct business with the State of Delaware and maintains Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as a registered agent.

12. Upon information and belief, Mylan Inc. and/or Mylan Pharmaceuticals regularly do business in Delaware and have engaged in a persistent course of conduct within Delaware by continuously and systematically placing goods into the stream of commerce for

distribution throughout the United States, including Delaware, and/or by directly selling pharmaceutical products in Delaware. Mylan Inc. and Mylan Pharmaceuticals have done so with each other's authorization, participation, and assistance, or acting in concert with each other.

13.   Upon information and belief, Mylan Inc. and Mylan Pharmaceuticals operate as an integrated, unitary generic pharmaceutical business. For example, Mylan Inc. includes within its Annual Report the activities of Mylan Pharmaceuticals, including the revenues earned. The Mylan website, appearing at www.mylan.com, provides information about both Mylan Inc. and Mylan Pharmaceuticals. Mylan Inc. is divided into several business units, including the "Generics" business. Upon information and belief, Mylan Pharmaceuticals, in whole or in part, comprises this "Generics" business, particularly within the United States.

14.   Upon information and belief, Mylan Inc. and Mylan Pharmaceuticals have overlapping officers and directors, including Anthony Mauro, with management and operation of Mylan Pharmaceuticals and the Generics business occurring, at least in part, at the respective headquarters of both Mylan Inc. and Mylan Pharmaceuticals. Upon information and belief, Mylan Inc. issues press releases when generic drugs are approved by the FDA or when other events concerning the commercialization of a generic drug occurs involving its Generics business.

15.   Upon information and belief, Mylan Inc. and Mylan Pharmaceuticals conduct business throughout the United States, including Delaware, under the trade name "Mylan Pharmaceuticals." Upon information and belief, Mylan Pharmaceuticals, under its "Mylan Pharmaceuticals" trade name, is registered pursuant to Del. Code Ann. tit. 24, § 2540 to distribute its generic pharmaceutical products in Delaware and holds current and valid

"Distributor/Manufacturer CSR" and "Pharmacy-Wholesale" licenses from the Delaware Board of Pharmacy.

16. Upon information and belief, Mylan Inc. and Mylan Pharmaceuticals derive substantial revenue from generic pharmaceutical products that are sold, used, and/or consumed within Delaware.

17. Upon information and belief, Mylan Inc. and Mylan Pharmaceuticals have previously availed themselves of this forum for the purpose of litigating patent disputes. For example, Mylan Pharmaceuticals sought a declaratory judgment of patent noninfringement in *Mylan Pharmaceuticals Inc. v. Ethypharm S.A.*, 10-cv-010604-LPS (D. Del.) and sought a declaratory judgment of noninfringement and/or invalidity in *Mylan Pharmaceuticals Inc. v. Galderma Laboratories Inc.*, 10-cv-00892-LPS (D. Del.). Mylan Inc. and Mylan Pharmaceuticals sought a declaratory judgment of noninfringement and/or invalidity in *Abbott Laboratories. v. Mylan, Inc.*, No. 10-559-SLR (D. Del.). Furthermore, Mylan Inc. and Mylan Pharmaceuticals sought a declaratory judgment of noninfringement, unenforceability, and/or invalidity in *Mylan Pharms. Inc. v. Eurand, Inc.*, No. 10-306-SLR (D. Del.). Mylan Inc. and/or Mylan Pharmaceuticals have also submitted to this Court's jurisdiction by asserting counterclaims in other civil actions in this jurisdiction. Specifically, Mylan Inc. and/or Mylan Pharmaceuticals admitted jurisdiction for the purpose of the litigation and filed counterclaims in *GlaxoSmithKline LLC v. Mylan, Inc.*, No. 11-cv-00789-SLR (D. Del.); *Forest Laboratories, Inc. v. Dr. Reddy's Laboratories, Inc.*, No. 08-52-GMS-LPS (D. Del.); *AstraZeneca Pharmaceuticals LP v. Mylan Pharmaceuticals, Inc.*, No. 07-805-JJF (D. Del.); *Sciele Pharma, Inc. v. Mylan Pharmaceuticals, Inc.*, No. 07-664-GMS-LPS (D. Del.); *Sanofi-Aventis v. Actavis South Atlantic LLC,* No. 07-572- GMS (D. Del.); *Boehringer Ingelheim International GMBH v.*

*Mylan Pharmaceuticals Inc.,* No. 05-854-JJF (D. Del.); *Janssen Pharmaceutica N.V. v. Mylan Pharmaceuticals Inc.,* No. 05-371- SLR (D. Del.); and *AstraZeneca LP v. Mylan Pharmaceuticals, Inc.*, No. 08-453-GMS (D. Del.).

18.     For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Mylan Inc. and Mylan Pharmaceuticals.

## PATENT-IN-SUIT

19.     Vertex is the owner by assignment of the '989 patent, entitled "Prodrugs of Aspartyl Protease Inhibitors," which the U.S. Patent and Trademark Office duly and legally issued on August 20, 2002.  A true and correct copy of the '989 patent is attached hereto as Exhibit A.  The claims of the '989 patent are valid and enforceable.  ViiV is an exclusive licensee of the '989 patent with respect to LEXIVA®, with the right to sue for and obtain equitable relief and damages for infringement of the '989 patent.

## INFRINGEMENT BY MYLAN

20.     By letter dated July 9, 2012 ("the Notice Letter"), Mylan notified ViiV Healthcare UK Limited and Vertex that it had submitted ANDA No. 204060 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) seeking approval to engage in the commercial manufacture, use, and sale of generic fosamprenavir calcium tablets before the expiration of the '989 patent.  Upon information and belief, Mylan intends to engage in commercial manufacture, use, and sale of generic fosamprenavir calcium tablets promptly upon receiving FDA approval to do so.

21.     By filing ANDA No. 204060, Mylan has necessarily represented to the FDA that its generic fosamprenavir calcium tablets have the same active ingredients as

LEXIVA®, have the same route of administration, dosage form, and strength as LEXIVA®, and are bioequivalent to LEXIVA®.

### COUNT I (INFRINGEMENT OF THE '989 PATENT)

22. Each of the preceding paragraphs 1 to 21 is incorporated as if fully set forth herein.

23. Mylan's submission of ANDA No. 204060 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic fosamprenavir calcium tablets prior to the expiration of the '989 patent constitutes infringement of one or more of the claims of the '989 patent under 35 U.S.C. § 271(e)(2)(A).

24. Upon FDA approval of Mylan's ANDA No. 204060, Mylan will further infringe the '989 patent by making, using, offering to sell, and selling generic fosamprenavir calcium tablets in the United States and/or importing such tablets into the United States, and by actively inducing and contributing to infringement by others, in violation of 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

25. Upon information and belief, Mylan had actual and constructive knowledge of the '989 patent prior to filing ANDA No. 204060 and was aware that filing of the aforementioned ANDA with the FDA constituted an act of infringement of the '989 patent.

26. If Mylan's infringement of the '989 patent is not enjoined, ViiV and Vertex will suffer substantial and irreparable harm for which there is no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

a) A judgment that one or more claims of the '989 patent is infringed by Mylan's submission of ANDA No. 204060, and that Mylan's making, using, offering to sell, or

selling in the United States, or importing into the United States, of generic fosamprenavir calcium tablets will infringe one or more claims of the '989 patent;

      b)    An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of ANDA No. 204060 shall be a date which is not earlier than the latest expiration date of the '989 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

      c)    An order permanently enjoining Mylan, its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States generic fosamprenavir calcium tablets until after the latest expiration date of the '989 patent including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

      d)    Damages or other monetary relief to Plaintiffs if Mylan engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of generic fosamprenavir calcium tablets prior to the latest expiration date of the '989 patent including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

      e)    Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285 and an award of costs to the Plaintiffs.

                FARNAN LLP

                */s/ Brian E. Farnan*

                Brian E. Farnan (Bar No. 4089)
                Michael J. Farnan (Bar No. 5165)
                919 North Market Street
                12th Floor

                                    Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Attorneys for ViiV Healthcare Company
and Vertex Pharmaceuticals Inc.

OF COUNSEL:

Lisa M. Ferri
Brian W. Nolan
Richard M. McCormick
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820
(212) 506-2500
lferri@mayerbrown.com
bnolan@mayerbrown.com
rmccormick@mayerbrown.com

August 22, 2012