## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIIV HEALTHCARE COMPANY and VERTEX PHARMACEUTICALS, INC., | C.A. No. 12-1065-RGA |
| Plaintiffs, | |
| v. | |
| MYLAN INC. and MYLAN PHARMACEUTICALS, INC., | |
| Defendants. | |
| MYLAN INC. and MYLAN PHARMACEUTICALS, INC., | |
| Counterclaim - Plaintiffs, | |
| v. | |
| VIIV HEALTHCARE COMPANY, VIIV HEALTHCARE UK LIMITED, and VERTEX PHARMACEUTICALS, INC., | |
| Counterclaim - Defendants. | |

### SCHEDULING ORDER

This _____ day of October, 2012, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration;

IT IS ORDERED that:

1.     <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.

2.     <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before July 19, 2013.

3.     <u>Discovery</u>.

    a.     <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before November 22. 2013.

    b.     <u>Document Production</u>. Document production shall be substantially complete by July 12, 2013.

    c.     <u>Requests for Admission</u>. A maximum of 50 requests for admission are permitted for each side, exclusive of requests directed to the authenticity or admissibility of documents.

    d.     <u>Interrogatories</u>. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

    e.     <u>Depositions</u>.

    i.     <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination, excluding expert depositions.

    ii.     <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties.

703285509

A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      f.    Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

      4.    Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

3

703285509

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.      Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.      Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7.      Claim Construction Issue Identification. On or before March 8, 2013, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than April 5, 2013. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga__civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

4

8.      Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening

brief, not to exceed 20 pages, on May 10, 2013. The Defendant shall serve, but not file, its

answering brief, not to exceed 30 pages, on June 14, 2013. The Plaintiff shall serve, but not file,

its reply brief, not to exceed 20 pages, on July 3, 2013. The Defendant shall serve, but not file, its

sur-reply brief, not to exceed 10 pages, on July 24, 2013. No later than July 31, 2013, the parties

shall file a Joint Claim Construction Brief. The parties shall copy and paste their unified briefs

into one brief, with their positions on each claim term in sequential order, in substantially the

form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

A.      [TERM 1]
        1.      Plaintiff's Opening Position
        2.      Defendant's Answering Position
        3.      Plaintiff's Reply Position
        4.      Defendant's Sur-Reply Position

B.      [TERM 2]
        1.      Plaintiff's Opening Position
        2.      Defendant's Answering Position
        3.      Plaintiff's Reply Position
        4.      Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim

construction. If there are any materials that would be submitted in an appendix, the parties shall

submit them in a Joint Appendix.

9.      Hearing on Claim Construction. Beginning at 8:30 a.m. on August 27, 2013, the

Court will hear argument on claim construction. Absent prior approval of the Court (which, if it

is sought, must be done so by joint letter submission no later than the date on which answering

claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

    10.    Disclosure of Expert Testimony.

        a.    Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before December 20, 2013. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before January 24, 2014. Reply expert reports from the party with the initial burden of proof are due on or before February 14, 2014. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before March 7, 2014.

        b.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    11.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    12.    Pretrial Conference. On May 9, 2014, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the

6

third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13.     Motions in Limine. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

15.     Trial. This matter is scheduled for a 4 day bench trial beginning at 9:30 a.m. on May 27, 2014 with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

7

703285509

17.     ADR Process. This matter is referred to a magistrate judge to explore the

possibility of alternative dispute resolution.

Richard G. Andrews

UNITED STATES DISTRICT JUDGE

703285509