IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIIV HEALTHCARE COMPANY and VERTEX PHARMACEUTICALS, INC., <br><br> Plaintiffs; <br><br> v. <br><br> MYLAN INC. and MYLAN PHARMACEUTICALS INC., <br><br> Defendants. | Civil Action No. 12-cv-1065-RGA |

MEMORANDUM ORDER

Plaintiffs request leave to submit the testimony of two fact witnesses, Dr. Roger Tung and Mr. Paul Evans, by deposition in lieu of live trial testimony. (D.I. 111 at 2). Both witnesses were deposed pursuant to Rule 30(b)(6), and both reside more than 100 miles from the location of the trial. Plaintiffs cite Rule 32(a)(4)(B) in support of their position. Defendants object to Plaintiffs' use of deposition testimony at trial, relying on Rule 32(a)(4), Rule 32(a)(1)(B), and Rule 602. (D.I. 111 at 2, 3).

Rule 32(a)(4)(B) provides that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: ... that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B). Rule 32(a)(4) is not an automatic mechanism for granting deposition testimony in lieu of live testimony. *See Garcia-Martinez v. City and County of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004) ("Other

cases hold that the mere fact a party is more than 100 miles from the courthouse does not require the district court to automatically admit a party's deposition"). Further, courts retain significant discretion in determining whether to admit deposition testimony. *See* Fed. R. Civ. P. 32(a)(4) ("[a] party may use"); *see also Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 308 (7th Cir. 2009) ("Implicit in this rule is an obligation to use reasonable diligence to secure the witness's presence, and the district court has broad discretion to determine whether the proponent has satisfied this requirement."). When asked at pretrial conference whether Plaintiffs would bring the witnesses to testify live at trial if their request for permission to present their deposition testimony were denied, Plaintiffs' counsel acknowledged that it was possible. (D.111-1 at 7, Ex. B at 21:1-23, May 9, 2014). Aside from showing that the witnesses reside more than 100 miles from the location of the trial, Plaintiffs have failed to demonstrate why they have been unable to procure the witness's presence for live testimony at trial. Parties are not required to take active steps to procure witnesses who would otherwise not be within 100 miles of the location of the trial. *See Daigle v. Maine Medical Center, Inc.*, 14 F.3d 684, 691 (1st Cir. 1994). However, this failure to procure may be taken into account when courts exercise their discretion regarding whether to admit the deposition testimony.

Defendants assert that even if the witnesses are unavailable pursuant to Rule 32(a)(4)(B), under Rule 32(a)(1)(B), it must be shown that the deposition testimony would be admissible under the Federal Rules of Evidence if the deponents were testifying live at trial. *See* Fed. R. Civ. P. 32(a)(1)(B). Specifically, Defendants point to Federal Rule of Evidence 602, which states that a witness "may testify only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Defendants stress that the witnesses'

2

testimony is based on corporate knowledge, not personal knowledge, and thus is not admissible. In Mr. Evans' deposition, he had called a colleague to clarify some of the points about which he had possibly misspoken. (D.111-1 at 3-4, Evans' Dep., Ex. A, at 58:3-15, 62:2-6, Dec. 5, 2013.)

Plaintiffs counter with *Mazloum v. D.C. Metropolitan Police Dept.*, 248 F.R.D. 725, 726-27 (D.D.C. 2008), where the court allowed the presenting party to submit the deposition testimony of one of their Rule 30(b)(6) witnesses in lieu of live trial testimony. In *Mazloum*, the adverse party-a nightclub-had designated the witness as a Rule 30(b)(6) witness to testify to the nightclub's lighting and sound system, which the witness had designed and installed. *Id.* at 726. Mr. Evans and Dr. Tung's Rule 30(b)(6) depositions differ from that given in *Mazloum*. Here, the Plaintiffs have not provided any evidence of the actual scope of either Mr. Evans or Dr. Tung's personal knowledge.

Further, a rule 30(b)(6) witness is testifying not only to his or her personal knowledge, but also to information reasonably known or available to the organization, i.e. information that is not within the witness's personal knowledge. *See Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 502-03 (N.D. Ill. 2011). Where Rule 30(b)(6) testimony is sought to be admitted at trial in lieu of live testimony pursuant to Rule 32(a)(4), it may be in conflict with both Rule 32(a)(1)(B) and Federal Rule of Evidence 602. In *Sara Lee Corp. v. Kraft Foods Inc.*, the court admitted the Rule 30(b)(6) testimony in lieu of live testimony, despite the adverse party's objections that the witness lacked personal knowledge. 276 F.R.D. at 502-04. The court applied a balancing test, weighing the purposes underlying Rule 30(b)(6) against the "real dangers of admitting testimony based on hearsay." *Id.* at 504. The court limited the admission of testimony based on corporate knowledge to topics that are particularly suitable for Rule 30(b)(6) testimony. *Id.* at 503. While the court did not

3

expand on which specific topics met that standard, the court stated that if the presenting party sought to admit portions of the witness's deposition for some other purpose, the court would consider whether the underlying corporate knowledge was sufficiently reliable to substitute for personal knowledge. *Id.* at 504. Here, because Mr. Evans' testimony relied at least in part on another employee's knowledge, there is a substantial question about the reliability of his testimony. Dr. Tung's deposition testimony was also taken pursuant to 30(b)(6), and because there has been no evidence regarding the extent of his personal knowledge, there are similar issues of reliability. Thus, their admission could implicate the dangers presented by hearsay that the court in *Sara Lee* cautioned against. *Id.* at 503. *Sara Lee* was a better case for admission of the Rule 30(b)(6) testimony than is the present case. There, the testimony was that of a non-party. Here, it is testimony of a party's own Rule 30(b)(6) witnesses.

Historically, federal courts have preferred live testimony over recorded testimony. For this reason, courts must consider all the relevant circumstances in determining whether to admit deposition testimony in lieu of live testimony. Here, while the two witnesses both reside over 100 miles from the location of the courthouse, Plaintiffs have failed to show why they are unable to procure them for trial, let alone that they have made any attempt at doing so. Thus, I cannot conclude on the present record that the Plaintiffs' two fact witnesses are "unavailable" for purposes of Fed. R. Civ. P. 32(a)(4)(B). Finally, Plaintiffs have failed to demonstrate that their witnesses' deposition testimony relies on personal knowledge. Mr. Evans' deposition reveals the potential for unreliability of Rule 30(b)(6) testimony in general and his testimony in particular. For these reasons, I deny Plaintiffs' request to submit the testimony of their two fact witnesses, Dr. Roger Tung and Mr. Paul Evans, by deposition rather than at trial. Plaintiffs may renew the request at trial

when I may have more context to evaluate the request, but I believe if the testimony is truly important to their case, they have the capability of getting both witnesses to appear in person.

May 23, 2014

Richard G. Andrews

United States District Judge

5